UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07745-MEMF-PD                    Date: November 18, 2024

Title      *Germaine James v. United States of America*

Present: The Honorable:        Patricia Donahue, U.S. Magistrate Judge

　　Isabel Verduzco　　　　　　　　　　　　N/A
　　　Deputy Clerk　　　　　　　　　　Court Reporter / Recorder

　Attorneys Present for Plaintiff:　　Attorneys Present for Defendants:
　　　　　N/A　　　　　　　　　　　　　　　　　N/A

**Proceedings:**   (In Chambers) Order to Show Cause Why Plaintiff's Complaint Should Not Be Dismissed

On September 11, 2024, Germaine James ("Plaintiff"), a California resident proceeding pro se, filed a complaint for violation of civil rights against Defendant the United States of America. [Dkt. No. 1.] Plaintiff's complaint is brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. [Id. at 3, 4.]

Plaintiff alleges that the events giving rise to Plaintiff's claims occurred between the years 1619 through 2024 and are ongoing. [Id. at 4.[1]] Plaintiff seeks reparations and is temporarily acting as a representative of a class of individuals who are "United States (U.S.) descendants of chattel slaves who are currently identified as U.S. Black citizens and who are the surviving lineages of chattel slaves freed under the Emancipation Proclamation on January 1, 1863." [Id. at 6.] Plaintiff seeks relief in excess of $654 billion dollars.

The Court has screened the Complaint. [Dkt. No. 1.] The Court issues this Order to Show Cause directed to Plaintiff because the face of the

---

[1] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07745-MEMF-PD                              Date: November 18, 2024

Title   *Germaine James v. United States of America*

Complaint suggests that it is barred by sovereign immunity and the statute of limitations.[2]

## I.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim on its own ("*sua sponte")* and without notice "where the claimant cannot possibly win relief." *See Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). When a complaint clearly does not state a claim upon which the court can grant relief, a court may dismiss the case on its own, at the outset, without leave to amend. *See Reed v. Lieurance*, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (affirming district court's *sua sponte* dismissal of claim under Fed. R. Civ. P 12(b)(6)); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (district court has authority under Rule 12(b)(6) to dismiss *sua sponte* for failure to state a claim).

In determining whether a complaint should be dismissed at screening, the Court applies the same standard as that in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) *as amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

---

[2] Magistrate Judges may dismiss a complaint with leave to amend without approval of the district judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07745-MEMF-PD                    Date: November 18, 2024

Title      *Germaine James v. United States of America*

     Federal district courts are courts of limited jurisdiction: "They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) ("Rule 12(h)(3)").

## II.   Summary of Factual Allegations and Claims

     Plaintiff alleges that the "U.S. government has a debt owed to the descendants of chattel slaves who transitioned to freed slaves." [Dkt. No. 1 at 11.] Plaintiff alleges that former President Ronald Reagan and Congress provided an apology and reparations/compensation to Japanese Americans who were interned during World War II. [Id. at 8, 11.] Plaintiff alleges that "Blacks who are the actual U.S. war crimes victims were denied reparations and an apology for the ulcerous treatment inflicted on [them] during slavery and post slavery." [Id. at 11.] Plaintiff alleges that "Blacks were forced to rent small plots of land from White landowners for housing and pay high interest rates on materials needed for sharecropping in exchange for free labor." [Id. at 12.] Plaintiff alleges that "White landowners reaped the fruits of Blacks labor while keeping them in an endless cycle of debt and poverty." [Id.]

     Plaintiff alleges that "as of 2024 and ongoing, Presidents and Congress under its taxing of income and spending power, allocated taxpayers' money to provide funding that aid in the socio-economic advancement specifically and exclusively for Hispanics or Spanish speaking races who are mostly pale/light

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07745-MEMF-PD                                    Date: November 18, 2024

Title      *Germaine James v. United States of America*

skin complexion races while denying Black race the same/similar exclusive use of taxpayers' money for socio-economic advancement." [Id. at 12.]

Plaintiff alleges that the concept of the U.S. government paying reparations for wrongs it has committed is not a new one. [Id. at 14.] In 1980, the U.S. Supreme Court awarded the Sioux Nation a $100 million judgment for land that the government took from them in 1877. [Id.] Plaintiff also alleges that a class action was brought against the U.S. Treasury Department in 1915 seeking reparations for slavery (citing *Johnson v. McAdoo*, 45 App. D. C. 440 (1916)), but it was dismissed because the real defendant was the United States, and the United States cannot be made a party to a lawsuit without its consent. [Id. at 17-19.] Plaintiff also alleges that President Biden, Vice President Harris, and Congress approved $33.2 million in 24 new grants to Native Hawaiian educational and community-based organization entities in Hawaii. [Id. at 20.]

Plaintiff further alleges that Congresswoman Sheila Jackson Lee and Congressman John Conyers introduced legislation H.R. 3745, which aimed to create the Commission to Study Reparation Proposals for African Americans Act; however, the reparation bills are stuck in government examination mode. [Id. at 21-24.]

Plaintiff alleges the following injuries: discrimination (denied reparations because of Black race, dark complexion, and national origin); intentional infliction of emotional distress (forced to live in impoverished conditions); pain and suffering (mental and verbal abuse); fraudulent concealment of earned wages (Department of Treasury maintains seized 68 million funds from racketeering and concealed illegal funds under the disguise as equitable U.S. property); loss of concealed wages use (freed slaves and descendants denied use of wages from indentured servants' labor); denial of government job opportunities; and denied use of taxpayers' funds (Blacks denied taxpayers funds for reparations and/or aids for socio-economic advancement). [Id. at 24-25.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07745-MEMF-PD                           Date: November 18, 2024

Title   *Germaine James v. United States of America*

### III.   Discussion

#### A.   **Plaintiff Cannot Represent the Interests of a Class**

First, because Plaintiff is not represented by counsel and is proceeding pro se, Plaintiff may not properly represent a class. Courts have generally concluded that a purported class representative who proceeds pro se cannot represent the interests of the class because she will not provide adequate representation for the class as required by Federal Rule of Civil Procedure 23(a)(4). *See McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (affirming the dismissal of a class action for lack of jurisdiction because a pro se plaintiff "has no authority to appear as an attorney for others than himself"). This follows from the legal principle that pro se litigants can represent themselves, but themselves only. *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664–64 (9th Cir. 2008) (applying the "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity" including class actions); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." (internal quotation marks and citations omitted)). Accordingly, Plaintiff may not pursue this action as a class action.

#### B.   **Sovereign Immunity**

A district court cannot hear a suit against the United States unless the government has waived sovereign immunity. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature," meaning that a party's failure to establish a waiver of sovereign immunity is properly resolved on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Sierra Club v. Whitman*, 268 F.3d 898, 905-06 (9th Cir. 2001).

##### 1.   **Federal Tort Claims Act**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07745-MEMF-PD                          Date: November 18, 2024

Title      *Germaine James v. United States of America*

    Here, Plaintiff seeks reparations from Defendant United States for harms suffered due to slavery. [Dkt. No. 1.] Plaintiff alleges claims for discrimination, intentional infliction of emotional distress, pain and suffering, fraudulent concealment of earned wages, loss of concealed wages use, denial of government job opportunities, and denied use of taxpayers' funds. [Id. at 24-25.] Plaintiff seeks relief in excess of $654 billion dollars. Plaintiff's claims appear to arise under the Federal Tort Claims Act ("FTCA") because Plaintiff brings a civil action seeking money damages for injuries allegedly caused by the United States. [Id. at 1-25.]

    The FTCA authorizes civil suits against the United States "for money damages ... for injury or loss of property, or personal injury ... caused by the negligent or wrongful act ... of the Government." 28 U.S.C. § 1346(b). The Act operates as a limited waiver of sovereign immunity from suits for negligent or wrongful acts of government employees. *Gonzalez v. United States*, 814 F.3d 1022, 1026 (9th Cir. 2016).

    Here, there is no indication that Plaintiff filed any administrative claim, which is a prerequisite to a suit under the FTCA. *See* 28 U.S.C. § 2675(a) ("[T]he claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency."). If a plaintiff does not exhaust administrative remedies, the [FTCA] suit is barred." *Nguyen v. United States*, 2022 WL 822435, at *2 (N.D. Cal. Jan. 11, 2022) (citation omitted). Thus, absent any prior administrative claim seeking money damages for the same injuries as alleged in the Complaint, the Court does not have jurisdiction over Plaintiff's claims arising under the FTCA. *See* 28 U.S.C. § 2675(a) ("action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency"). Failure to comply destroys subject matter jurisdiction over the entire cause of action. *See Banks-Reed v. United States*, 2024 WL 3049448, at *4 (N.D. Cal. June 17, 2024). Accordingly, dismissal is appropriate for failure to comply with the jurisdictional prerequisite of 28 U.S.C. § 2675(a); *See also Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995) ("[A]t the end of the day no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07745-MEMF-PD                                   Date: November 18, 2024

Title         *Germaine James v. United States of America*

jurisdiction would lie, and no claim for relief would be stated, even were the complaint to be amended along the lines proposed and even if an administrative claim could be filed with some government agency as required by § 2675(a) of the FTCA").

Additionally, the waiver of sovereign immunity in tort actions against the government in the FTCA is limited to claims accruing on and after January 1, 1945.  28 U.S.C. § 1346(b); *see also Cato*, 70 F.3d at 1106. Specifically, § 1346(b) provides:

> [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

As noted above, the injuries alleged in Plaintiff's Complaint accrued long before 1945 — before the FTCA created any limited waiver of sovereign immunity.  [*See* Dkt. No. 1.]  As the Ninth Circuit explained in *Cato*, "claims arising out of the fact of slavery ... and other offenses to [plaintiff's] ancestors that occurred prior to 1945 or were not pursued within two years of their accrual, fall outside the FTCA's limited waiver of sovereign immunity." *Cato*, 70 F.3d at 1107; *see also Cavness v. United States*, 2016 WL 6822072, at *1 (N.D. Cal. Nov. 18, 2016) ("Moreover, the claim arises from actions or omissions of the framers of the Constitution that occurred well before FTCA's operative date of January 1, 1945") (citing *Cato,* 70 F.3d at 1107); *Jenkins v. United States*, 2021 WL 5826467, at *1 (E.D. Cal. Dec. 8, 2021), *report and recommendation adopted*, 2022 WL 159032 (E.D. Cal. Jan. 18, 2022) (dismissing a claim for slavery reparations because they were barred by 28 U.S.C. § 2401(a)); s*ee also Thompson v. United States*, 2021 WL 4555765, at *2 (D. Ariz. Sept. 16, 2021) (finding plaintiff's claim for reparations against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07745-MEMF-PD                    Date: November 18, 2024

Title     *Germaine James v. United States of America*

United States for slavery of his ancestors barred by sovereign immunity), *report and recommendation adopted*, 2021 WL 4552454 (D. Ariz. Oct. 5, 2021).

### C.   Statute of Limitations

Further, to the extent Plaintiff seeks reparations from the United States for slavery, this claim is time barred.  28 U.S.C. § 2401(a) provides, in pertinent part, that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  A right of action normally accrues at the time the underlying events occurred.  *Powell v. United States,* 1994 WL 16180202, at *1 (N.D. Cal. Jun. 20, 1994).  Here, the underlying events causing the harms alleged in Plaintiff's Complaint transpired more than six years ago.  As such, Plaintiff's claims are barred by the statute of limitations.  *Powell*, 1994 WL 16180202, at *1 (finding plaintiff's claims against the United States seeking reparations for harms suffered because of slavery barred by statute of limitations); *Davis v. United States*, 2012 WL 1836310, at *2 (N.D. Cal. May 21, 2012), *report and recommendation adopted*, 2012 WL 2884806 (N.D. Cal. July 12, 2012) (finding plaintiff's claims for reparations from United States for condoning slavery time barred).

### D.   Other Causes of Action

Construing the Complaint liberally, it appears that Plaintiff seeks to bring claims arising out of *Bivens* and 42 U.S.C. § 1983.  [Dkt. No. 1 at 3-4 (references to *Bivens* and 42 U.S.C. § 1983).]  However, the United States has not waived its sovereign immunity for claims pursuant to *Bivens. See Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991) ("The courts lack subject matter jurisdiction to hear constitutional damage claims against the United States because the United States has not waived sovereign immunity with respect to [Constitutional damage claims].") (citation omitted); *see also Ibrahim v. Dep't of Homeland Security,* 538 F.3d 1250, 1257 (9th Cir. 2008) ("[N]o *Bivens*-like cause of action is available against federal agencies or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07745-MEMF-PD                               Date: November 18, 2024

Title     *Germaine James v. United States of America*

federal agents sued in their official capacities.") (citations omitted). Accordingly, Plaintiff may not raise a federal civil right claim pursuant to *Bivens*, and dismissal of any such claim is appropriate. *See Locke v. United State*s, 2021 WL 1255195, at *2 (C.D. Cal. Feb. 19, 2021) (dismissing *Bivens* claim against the United States pursuant to Rule 12(b)(1)).

As to any potential § 1983 claim, the statute provides a cause of action against persons acting under State law, which, "by its very terms, § 1983 precludes liability in federal government actors." *Morse v. North Coast Opportunities,* Inc., 118 F.3d 1338, 1343 (9th Cir. 1997); *see Ibrahim*, 538 F.3d at 1257 ("Section 1983 only provides a remedy against persons acting under color of state law").

**E.   Order**

Plaintiff is **ORDERED TO SHOW CAUSE** why the Court should not recommend that the Complaint be dismissed for failure to state actionable claims.

To discharge and satisfy this order, Plaintiff can either:

(1) File a first amended complaint ("FAC"), which would entirely supersede the Complaint, if Plaintiff can cure the legal deficiencies outlined in this Order. Plaintiff is advised that a FAC would entirely replace the Complaint in this action. Further, any amended complaint must:

(a) be labeled "First Amended Complaint";
(b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2;
(c) contain a "short plain" statement of the claim(s) for relief, see Fed. R. Civ. P. 8(a);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07745-MEMF-PD     Date: November 18, 2024

Title    *Germaine James v. United States of America*

(d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
(e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);
(f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured each specific plaintiff; and
(g) not add defendants or claims without leave of court.

or

(2) Voluntarily dismiss the action—without prejudice to refiling later if justified—using the attached form CV-09.

Plaintiff must do one of these things by no later than **December 16, 2024**. If, given the contents of this Order, Plaintiff elects not to proceed in this action, Plaintiff may expedite matters by signing and returning the attached Notice of Dismissal by **December 16, 2024**, which will result in the voluntary dismissal of this action without prejudice.

Plaintiff is cautioned that, absent further order of the Court, Plaintiff's failure to timely file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.

Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate filing of a First Amended Complaint if Plaintiff elects to proceed in that fashion.

**Attachments**:
--Notice of Voluntary Dismissal (CV-09)
--Civil Rights Complaint Form (CV-66)